GEORGE MAXIN, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Maxin v. Commissioner
Docket No. 34250-83.
United States Tax Court
T.C. Memo 1985-94; 1985 Tax Ct. Memo LEXIS 535; 49 T.C.M. (CCH) 856; T.C.M. (RIA) 85094; March 4, 1985. George Maxin, Jr., pro se. Steven M. Walk, for *536 the respondent. HAMBLEN
MEMORANDUM FINDINGS OF FACT AND OPINION HAMBLEN, Judge: Respondent determined the following deficiencies in, and additions to, petitioner's Federal income tax: IRC of 1954, as Amended
Year
Deficiency
Sec.6653(b) [1]
Sec.6654(a)
1972
$7,985.10
$3,992.55
$177.98
1973
8,306.92
4,153.46
262.89
1974
10,942.75
5,471.38
188.25
1975
5,833.21
2,916.61
115.00
1976
3,860.00
1,930.00
67.82
1977
6,127.00
3,063.50
85.39
1978
7,159.04
3,579.52
102.24
1979
13,503.55
6,751.78
228.92
1980
9,728.89
4,864.45
209.66
On October 24, 1984, respondent filed a motion to compel stipulation, pursuant to Rule 91(f), which was granted on October 30, 1984, whereby the Court ordered petitioner to show cause why the facts and evidence recited in the proposed stipulation of facts attached to respondent's motion should not be accepted as established for the purpose of this *537 case. Following a hearing on the Court's order to show cause on November 28, 1984, at which respondent appeared and petitioner failed to appear, the Court's order to show cause was made absolute and the facts and evidence recited in respondent's proposed stipulation of facts were accepted as established for the purposes of this case. Said stipulation of facts and attached exhibits are incorporated herein by this reference. When this case was called at the trial session of the Court in Cleveland, Ohio, on December 10, 1984, respondent submitted a motion for partial summary judgment as to the deficiencies in income tax and additions to tax pursuant to section 6654(a) and a motion for imposition of damages under section 6673. The Court granted respondent's motion for partial summary judgment [2] and took respondent's motion for damages under advisement. The issue involving the additions to tax under section 6653(b) is before the Court solely on the stipulation of facts and exhibits established by our order of November 28, 1984.
*538 Consequently, the issues for decision are (1) whether respondent has carried his burden of proving that a part of an underpayment of tax by petitioner for the years 1972 through 1980 was due to fraud as required by section 6653(b) and (2) whether damages should be awarded to the United States pursuant to section 6673. Petitioner resided in Canton, Ohio, when he filed his petition in this case. He filed joint income tax returns with his wife, Mary, for each of the years 1967 through 1971, but did not file valid Federal income tax returns (Forms 1040) for the years 1972 to and including 1980. During the period between April 15, 1973 and April 20, 1976, petitioner filed seven documents with respondent which had the appearance of Forms 1040 and amended Forms 1040, but which contained no financial information whatsoever. Attached to each such purported Form 1040 were numerous pages of information relating to the claimed unconstitutionality of the Federal income tax laws and setting forth other irrelevent and inconsequential information. From 1972 to 1980, petitioner was employed by American Lubricants Company (hereinafter the "Company"). For each year during this period, the *539 Company issued to petitioner Forms W-2 which informed him of the amount of wages the Company paid to him and the amount of income tax withheld by the Company as follows: Income Tax
Year
Wages
Withheld
1972
$21,007.60
$1,928.09
1973
18,762.91
57.50
1974
31,858.97
4,036.74
1975
21,761.21
2,536.30
1976
17,161.87
1,631.40
1977
22,656.24
2,983.72
1978
24,788.08
3,165.20
1979
37,786.21
6,421.47
1980
30,760.29
5,156.08
In addition to his income from wages, petitioner received other income in the amounts and for the years below designated: Year
Type of Income
Amount
1972
Feed Grain Program
$41.04
Interest
22.89
Dividends
815.99
Capital gain
945.30
Self-employment
5,226.29
1973
Feed Grain Program
$16.00
Interest
24.63
Dividends
357.00
Self-employment
8,509.43
1980
Interest
$15.00
U.S. Information Returns, Forms 1099, or substitutes therefor, were issued to petitioner by the various payors of interest and dividends during the taxable years 1972, 1973, and 1980, which informed petitioner of the amount of interest or dividend payments made to him during each of these years. On June 22, 1973, petitioner *540 submitted to the Company a Form W-4E, Exemption From Withholding of Federal Income Tax, by which he claimed to be exempt from withholding of Federal income tax on his wages and requested the Company to discontinue such withholding by his certification that he incurred no liability for Federal income tax liability in 1972 and did not expect to incur any such liability in 1973. Subsequently, on May 8, 1974, petitioner submitted to the Company a Form W-4, Employee's Withholding Allowance Certificate, by which he instructed the Company to withhold Federal income tax on his wages based on his claim of 20 allowances. On June 23, 1978, petitioner was convicted by the U.S. District Court, Northern District of Ohio, Eastern Division, of knowingly and willfully failing to file valid income tax returns in violation of section 7203 for the taxable years 1972 and 1973 and for the willful submission of a fraudulent withholding exemption certificate in violation of section 7205 for the year 1973. Petitioner's conviction was upheld on appeal. . Petitioner was sentenced to imprisonment for a total of four years, was finded *541 $2,000, and placed on probation for five years. The imprisonment sentence was partially suspended, and petitioner was committed for two concurrent six month terms in a federal prison. Subsequently, on August 12, 1981, the District Court found that petitioner had violated the terms of his probation by willfully failing to file a Federal income tax return for the year 1980 and committed petitioner for six months. The Court's decision to revoke probation was upheld on appeal. United States v. Maxin, No. 82-3450 slip op. (6th Cir. Oct. 20, 1983). Petitioner was found guilty by the Municipal Court in Canton, Ohio, for failing to pay his Canton city income tax for the year 1972. He was fined $100 plus court costs and sentenced to 30 days in jail, 25 days of which were suspended on the condition he comply with municipal income tax laws. On page 10 of the statement attached to the notice of deficiency issued to petitioner, respondent states in part: "Your contention that wages are nontaxable since they represent an equal exchange (i.e., labor for wages) has been rejected by various courts." By letter dated October 5, 1984, respondent notified petitioner that his position in this *542 case has been consistently rejected by the courts and that his actions could make him liable for an award of damages pursuant to section 6673. The petition filed by petitioner in this case did not address the issues raised by the notice of deficiency that respondent served on him, but recited only irrelevant and meritless tax protested jargon about the unconstitutionality of the Federal income tax and his "exempt" status thereunder. These "arguments" are not worthy of further comment except to state that they are stale and frivolous, have been rejected by this Court in a multitude of cases, and are "nothing but arrogant sophistry." [3] Petitioner was advised that his legal arguments were frivolous. He nevertheless adamantly refused to alter his frivolous tax protester position, which continued throughout all of his pleadings and briefs in this proceeding.
The 50 percent addition to tax in the case of fraud is a civil sanction *543 provided primarily as a safeguard for the protection of the revenue and to reimburse the government for the heavy expense of investigation and the loss resulting from the taxpayer's fraud. . Section 6653(b) provides, in relevant part: (b) FRAUD.--If any part of any underpayment * * * of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. * * * Respondent has the burden of proving, by clear and convincing evidence, that some part of an underpayment for each year was due to fraud. Sec. 7454(a); Rule 142(b). This burden is met if it is shown that the taxpayer intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of such taxes. ; , affg. a Memorandum Opinion of this Court. The existence of fraud is a question of fact to be resolved upon consideration of the entire record. , *544 affd. without published opinion, . Fraud is never presumed, but rather must be established by affirmative evidence. . Fraud may, however, be proved by circumstantial evidence because direct proof of the taxpayer's intent is rarely available. ; . The taxpayer's entire course of conduct may establish the requisite fraudulent intent. ; . The "willful failure to file a timely return * * * does not in itself and without more establish liability for a fraud penalty." , revg. in part and affg. in part a Memorandum Opinion of this Court. Willful failure to file returns for an extended period, however, is "persuasive evidence of an intent to defraud the government." ; , *545 affg. a Memorandum Opinion of this Court. An intention to evade taxes may be inferred from the circumstances attending a particular failure to file. . A pattern of nonfiling, when coupled with affirmative evidence of intent to defraud, warrants imposition of the addition to tax for fraud. ; . [4] Further, the filing of false withholding certificates has repeatedly been held by this Court to be evidence of fraud. See ; ; , affd. ; . Petitioner was convicted of knowingly submitting false information to his employer in connection with the withholding of Federal income tax on his wages, which clearly evidences that *546 petitioner had a fraudulent intent to evade the payment of his taxes. His failure to file valid income tax returns, for which he also was convicted, shows a continuation of this fraudulent intent. Petitioner maintained a pattern of nonfiling despite his knowledge of required reporting procedures, as evidenced by his earlier proper returns. Petitioner's obstinate fraudulent intent appears through his adamant and persistent insistence throughout this proceeding that he is not a person who is required to file income tax returns or to pay income tax, despite his conviction in this respect, and despite the rejection by this and other courts of petitioner's espoused incredulous tax theories. We are convinced that petitioner was familiar with relevant law and was aware of his obligation to file proper returns and to pay taxes, and that he knew that the tactics he employed were not legtimate tax avoidance but an orchestrated program of tax evasion. Petitioner is free to argue his theories to Congress, but he cannot disregard the laws passed by Congress and upheld by the courts, fail to perform an affirmative duty imposed on him by those laws, and then expect to avoid the consequences *547 of his avowedly freely exercised disobedience. On the basis of the record before us, we find that respondent has clearly and convincingly demonstrated fraud for the years in issue before us under section 6653(b). We now consider respondent's motion that we impose damages pursuant to section 6673. Petitioner's position set forth in his petition, which has continued during the pendency of this case, relates only to standard tax protester arguments and does not address the issues of the notice of deficiency. Among petitioner's contentions are that this Court does not have jurisdiction, notwithstanding his invoking that jurisdiction by the filing of his petition; that he is not a person who is required to pay income tax; that the payment of income tax is voluntary and he chooses not to volunteer; that he, accordingly, being a sovereign individual, is not required to file a tax return; and that wages are not taxable as they represent an equal exchange. Petitioner adamantly and continually maintained these tax protester positions and refused to address the issues of the notice of deficiency either in his petition or in any other manner, notwithstanding being informed in the notice *548 of deficiency that his contentions have consistently been rejected by the courts. Further, respondent notified petitioner by letter dated October 5, 1984, that his position in this case has been consistently rejected by the courts and that his continued disregard for the issues of the case might subject him to an award for damages pursuant to section 6673. Accordingly, petitioner instituted this proceeding and asserted as his defense to respondent's determinations nothing but frivolous contentions. His behavior before this Court makes it obvious that he filed his petition in this Court primarily for the purposes of delaying the payment of his income taxes for the years before the Court. Section 6673 provides that in such instances "damages in any amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision." Other petitioners in this Court with genuine controversies have been delayed while we considered this case. Petitioner's frivolous contentions are burdensome both to this Court and to society as a whole. . In these circumstances, petitioner cannot, and had not, shown that *549 he, in good faith, has a colorable claim to challenge respondent's determinations. We conclude that petitioner knew when he filed his petition that he had no reasonable expectation of receiving a favorable decision in view of the extensive and long and well-settled case precedents. [5]
Since we conclude that this case was brought primarily for delay and that petitioner's position is totally frivolous, we award damages in the amount of $5,000.00 to the United States. Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable years in issue. All rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Summary judgment established the deficiencies as determined by respondent in the notice of deficiency, and the addition to tax under section 6654 is mandatory as there was no payment of estimated tax in the years before us. ; .↩
3. See ; , affd. per curiam ; .↩
4. See .↩
5. See , and .↩